IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
TAMPA DIVISION

**BRADLEY WATKINS,**

    **Plaintiff,**                                      **CASE NO.:**

**vs.**

**MORGAN AUTO GROUP, LLC,**
a Florida company,

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, BRADLEY WATKINS, by and through his undersigned counsel, sues the Defendant, MORGAN AUTO GROUP, LLC and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 29 U.S.C. 1132.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times material, Plaintiff, BRADLEY WATKINS (hereinafter referred to as "Watkins" or "Plaintiff"), was and is a resident of Manatee County, Florida.

4. At all times material, Defendant, MORGAN AUTO GROUP, LLC, (hereinafter referred to as "Morgan Auto" or "Defendant"), is a Florida company, licensed and authorized to conduct business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's state protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and more than 60 days have passed since the filing of his charge. A copy of the charge is attached hereto as Exhibit "A."

9. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

10. Plaintiff is a seventy-one (71) year old male.

11. On October 1, 2010, Plaintiff accepted a position with Brandon Hyundai, LLC overseeing the dealership's fixed operations.

12. Plaintiff's compensation included a mix of salary and commission based on the success of the service and parts departments. By 2018, Plaintiff was earning about $200,000 per year.

13. In June 2018, Plaintiff learned that the Morgan Auto Group was purchasing Brandon Hyundai.

14. On August 1, 2018, that purchase was completed and Plaintiff became an employee of the Morgan Auto Group.

15. Just prior to the completion of the sale, Plaintiff met with Mr. Jerry Clark, who Morgan Auto Group had selected to serve as the dealership's General Manager.

16. Mr. Clark told Plaintiff that he would remain employed, but at his age it was time to slow down.

17. Mr. Clark suggested that Plaintiff spend less time working and more time with his 97-year-old mother.

18. Additionally, Mr. Clark informed Plaintiff that his compensation would be reduced from about $200,000 per year to about $52,000 per year.

19. After several months of working for Morgan Auto Group, it began to look like management wanted to push Plaintiff out of the workplace.

20. Plaintiff was given new duties, for which Morgan Auto Group offered him no training.

21. Shortly afterwards, Plaintiff started receiving write-ups.

22. In late September 2018, a co-worker told Plaintiff that Mr. Clark had discussed setting him up for multiple infractions so that they could terminate him.

23. Along those lines in a subsequent write-up, Plaintiff was told that multiple co-workers had reported him for being negative, but Plaintiff did not believe this was true.

24. Plaintiff was also told by two colleagues that after he left work one day in early October 2018, that management questioned them whether Plaintiff had been drinking on the lot. When they responded that Plaintiff was drinking only a bottle of water, management questioned whether it could have been vodka.

25. By mid-October 2018, several co-workers told Plaintiff that management was constantly asking about his performance, management skills, and work ethic.

26. On October 19, 2018, Morgan Auto Group terminated Plaintiff's employment.

## COUNT I
## FCRA- AGE DISCRIMINATION

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

28. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

29. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act.

30. Defendant knew or should have known of the discrimination.

31. As a result of Defendant unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. Injunctive relief;

    g. For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff, BRADLEY WATKINS, demands a trial by trial and a judgment against Defendant, MORGAN AUTO GROUP, LLC, in an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

32. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

33. Plaintiff is a member of a protected class under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

34. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age, in violation of the ADEA, 29 U.S.C. § 621 *et seq.*, for which Defendant is liable.

35. Defendant knew, or should have known, of the discrimination.

36. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Liquidated damages;

   e. Attorney's fees and costs;

   f. Injunctive relief; and

   g. For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff, BRADLEY WATKINS, demands a trial by trial and a judgment against Defendant, MORGAN AUTO GROUP, LLC, in an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

37. Plaintiff demands a jury trial on all issues so triable.

Dated this 22ndday of February 2019.

                 **FLORIN•GRAY•BOUZAS•OWENS, LLC**

                 */s/ Scott L. Terry*

                 **SCOTT L. TERRY, ESQUIRE**
                 Florida Bar No.: 77105
                 Primary: sterry@fgbolaw.com
                 Secondary: debbie@fgbolaw.com
                 16524 Pointe Village Drive, Suite 100
                 Lutz, FL 33558
                 Telephone (727) 254-5255
                 Facsimile (727) 483-7942
                 Attorneys for Plaintiff